[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14987
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2011
JOHN LEY
CLERK

D. C. Docket No. 4:09-cv-10083-KMM

DONALD BRUCE,
ROBERT PIERCE,

                                                                    Plaintiffs-Appellants,

versus

PENNY PHELPS,
RICHARD ROTH,
NURSE A,
NURSE B,

                                                                    Defendants-Appellees,

OFFICER BARNEY,

                                                                    Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 2, 2011)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

In August 2008, Donald Bruce was a convicted inmate and Robert Pierce was a pretrial detainee at the Monroe County Detention Center in Monroe County, Florida. Between the morning of August 9 and the afternoon of August 11, Detention Center trustees were painting the interior of Cellblock C, which was under the supervision of Captain Penny Phelps. The painting created fumes and Bruce and Pierce (and other inmates) were exposed. They suffered nausea, burning sensation in the eyes, and disorientation and had trouble breathing. They complained to Phelps and other Detention Center officials and were eventually permitted to go to the "open-air rec room," on the afternoon of August 11.

Bruce and Pierce brought this action against Phelps (and others) under 42 U.S.C. § 1983, claiming that their exposure to the fumes during the August 9 to 11 painting episode infringed their rights under the Eighth and Fourteenth Amendments to the Constitution and seeking legal and equitable relief. Their complaint alleged that they had exhausted their administrative remedies. Phelps's answer denied that allegation (among others). During discovery and the taking of plaintiffs' depositions, defense counsel learned that neither Bruce nor Pierce had filed grievances against Phelps (for their exposure to the fumes) in accordance with the grievance procedure set out in the Monroe County Inmate Handbook

2

("Handbook").  Armed with that knowledge, counsel promptly moved the district court for leave of court to amend Phelps's answer to the complaint to assert, as an affirmative defense, that neither plaintiff had exhausted his administrative remedies as provided in the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997(e)a (2006), to-wit:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The court granted the motion, and denied plaintiffs subsequent motion to strike it as untimely (given the late stage of the litigation).

Phelps moved the court for summary judgment on the basis of the affirmative defense: plaintiffs had not exhausted their administrative remedies. The district court, in a comprehensive order entered on September 28, 2010, agreed, granting Phelps summary judgment because the record conclusively established that neither plaintiff had exhausted his administrative remedies.

Bruce and Pierce appeal the judgment entered pursuant to that order.  They contend that the district court abused its discretion in granting Phelps leave to amend her answer, and in denying their subsequent motion to strike her affirmative defense, and ask that the case be remanded for trial on the allegations

3

of the complaint and Phelps's initial answer (without the affirmative defense). Assuming that the affirmative defense stands, they contend that material issues of fact remain to be litigated as to whether their failure to exhaust their remedies as set out in the Handbook should bar their claims. Exhaustion should be excused, they argue, because they had no access to the forms needed to file a grievance; they were in a "lock down" at the time the painting was going on. They also seem to suggest, if not argue, that formal Handbook exhaustion wasn't required because Phelps was on notice from the outset that they were, in effect, presenting against her the grievances they subsequently spelled out in the instant complaint as the bases for their § 1983 claims. Phelps had such notice because she was present during the painting, as the supervisor of the inmate trustees doing the work, was aware of the fumes, and heard plaintiffs and other inmates beating on their cell doors and yelling that they could not breathe.

We are not persuaded that the district court abused its discretion in granting Phelps leave to amend her answer to assert the affirmative defense at issue. The court acted well within its discretion. We are likewise not persuaded that material issues of fact exist which precluded summary judgment.

AFFIRMED.

4